IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAMPART HYDRO SERVICES, L.P., RAMPART HYDRO SERVICES, INC., BETH W. NEWBOLD and PATRICK M. WINKLER,<br><br>    Plaintiffs,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY and FIDELITY AND DEPOSIT COMPANY OF MARYLAND,<br><br>    Defendants. | 2:04cv434<br>Electronic Filing |

## MEMORANDUM ORDER

AND NOW, this 5th day of December, 2005, upon due consideration of defendants' motion to dismiss and the parties' submissions in conjunction therewith, IT IS ORDERED that the motion be, and the same hereby is, granted in part and denied in part. The motion is granted to the extent it seeks the dismissal of Count III for failure to state a claim upon which relief can be granted. The motion is denied as to Counts I and II.

It is well settled that in reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "[t]he applicable standard of review requires the court to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). Dismissal of a complaint is proper only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). The question is not whether the plaintiff will ultimately prevail; instead, it is whether the plaintiff can prove any set of facts consistent with the averments of the complaint which would show the plaintiff is entitled to relief. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20

F.3d 1250, 1261 (3d Cir. 1994). Under this standard a complaint will be deemed sufficient if it adequately puts the defendant on notice of the essential elements of a cause of action. <u>Nami</u>, 82 F.3d at 66.

Defendant's motion seeks to sidestep the above standards by arguing that the facts as pled do not entitled plaintiffs to relief. But the record demonstrates that a genuine dispute exists between the parties regarding their respective rights and duties under the Indemnity Agreement. Defendant has made a demand for indemnity and at Count I plaintiff seeks a declaration that it is not obligated to honor that demand under the attendant circumstances. Adjudication of the claim for declaratory relief will clarify the parties' respective rights and duties under the Indemnity Agreement and resolve the controversy currently surrounding plaintiff's defenses to the demand. This is sufficient at the pleading stage. Furthermore, Zurich Insurance Company is a party to the indemnity agreement and thus its presence is necessary to protect its interests and assure the ability to award complete relief to the prevailing parties.

At this juncture it is also sufficient to observe that in the event plaintiff is able to prove a set of facts demonstrating that defendants materially breached a condition precedent to plaintiff's duty to indemnify under the agreement, then plaintiff would be excused from the duty to perform any further obligations under the agreement. Plaintiff is entitled to pursue evidence that would support such relief. And while this aspect of Count II may well duplicate the claim at Count II, plaintiff is entitled to the benefit of all doubt at this stage of the litigation. Accordingly, defendants' challenges to this aspect and the remaining implications of Count II are appropriately resolved after discovery and pursuant to a motion for summary judgment.

s/ David Stewart Cercone  
David Stewart Cercone  
United States District Judge

cc: Robert M. Linn, Esquire
Barbara A. Scheib, Esquire
Cohen & Grigsby, P.C.
11 Stanwix Street, 15th Floor
Pittsburgh, PA 15222

William J. Taylor, Esquire
White and Williams LLP
1800 One Liberty Place
Philadelphia, PA 19103-7395