IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAMPART HYDRO SERVICES, L.P., RAMPART HYDRO SERVICES, INC., BETH W. NEWBOLD and PATRICK M. WINKLER, <br><br> Plaintiffs, <br><br> v. <br><br> ZURICH AMERICAN INSURANCE COMPANY and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, <br><br> Defendants. | 2:04cv434 <br> Electronic Filing |

## MEMORANDUM AND ORDER OF COURT

## I. INTRODUCTION

Rampart Hydro Services, L.P., Rampart Hydro Services, Inc., Beth W. Newbold, and Patrick M. Winkler ("Plaintiffs") filed this action against Zurich American Insurance Company and Fidelity & Deposit Company of Maryland ("Defendants") seeking a declaration that they are not obligated to reimburse Defendants pursuant to an Agreement of Indemnity for payments and expenses Defendants incurred in resolving a third party claim. Defendants have answered the complaint and asserted a counterclaim based upon three distinct transactions. Presently before the court is Plaintiffs' Motion to Dismiss two of the three breach of contract claims forming Defendants' counterclaim. For the reasons that follow, plaintiffs' motion will be denied.

## II. STATEMENT OF FACTS

Plaintiffs' action arises out of an Agreement of Indemnity ("Agreement") between Defendants and Plaintiffs. Plaintiffs agreed to indemnify Defendants with respect to any loss or expense Defendants incurred from issuing bonds on Plaintiffs' behalf. Defendants issued a surety bond

pursuant to the agreement, naming COP Construction Company ("COP") and the Montana Department of Transportation ("MDOT") as obligees, and enabling Plaintiffs to become the hydromilling subcontractor for COP on the Montana Bridge Rehabilitation Project ("Montana Project"). Due to problems and delays during the course of the project, COP terminated Plaintiffs in 2002. COP asserted a claim under the bond. Over Plaintiffs' protests that the claim was not valid, defendants investigated the claim and paid COP under the bond. Defendants then demanded reimbursement from Plaintiffs pursuant to the Agreement. This action followed.

Defendants counterclaim alleges contractual entitlement to indemnification for losses and expenses arising from three different bonds: one issued under the Montana Project Agreement and two issued under other identical Agreements of Indemnity entered between the parties at different times with respect to separate projects. The counterclaim is comprised of (1) $149,259.52 in losses and $183,771.21 in expenses incurred with respect to the Montana Project; (2) $25,271.19 in expenses incurred on a claim with respect to the Commodore Barry Bridge Deck Rehabilitation Project; and (3) $1,429.46 in expenses incurred on a claim with respect to an airfield stripping project in Fairchild, Washington. Defendants have demanded indemnification from Plaintiffs on all three projects; Plaintiffs have refused to pay.

Plaintiffs allege that Defendant's counterclaim is essentially three counterclaims: one which is compulsory and two that are permissive. And because the transactions from the Commodore Barry Bridge Rehabilitation Project and the Fairchild Project are "permissive counterclaims," each must independently meet the amount in controversy requirement. Defendants respond that in diversity cases plaintiffs can aggregate claims to meet the jurisdictional amount. And since Defendants are "counterclaim plaintiffs," they should be able to aggregate all their claims to meet the jurisdictional amount, regardless of whether they are compulsory or permissive.

## III. ANALYSIS

A compulsory counterclaim "arises out of the same transaction or occurrence that is the subject matter of the [plaintiff's] claim." *West Coast Tanneries, Limited v. Anglo-American Hides Co.*, 20 F.R.D. 166, (S.D. N.Y. 1957)(quoting Rule 13(a), Fed. R. Civ. P); *see also Skaro v. Eastern Sav. Bank*, 866 F. Supp. 229, 232 -233 (W.D. Pa.1994); *Pro Medica, Inc. v. Theradyne Corp.*, 331 F. Supp. 231, 232 (D.C. Puerto Rico 1971). Compulsory counterclaims do not have to fulfill the requirements of federal jurisdiction independently. *Id.* They may be adjudicated in federal court if the plaintiff's complaint meets the jurisdiction requirements. *Id.* In contrast, a permissive counterclaim does not arise "out of the transaction or occurrence that is the subject matter of the [plaintiff's] claim." *Id* (quoting Rule 13(b), F.R.C.P.). Permissive counterclaims must have independent grounds of jurisdiction to be litigated in federal court. *Id.* This rule was codified by the Judicial Improvement Act of 1990. *Skaro*, 866 F. Supp. at 232.

Here, the defendant's claim arising from the Montana Project "arises out of the same transaction or occurrence" as the plaintiff's claim and therefore is a compulsory counterclaim. However, the other two counterclaims come from separate and distinct transactions between the parties. While each of the Indemnity Agreements may be identical, the people, places, and issues involved in the other projects are different. Consequently, it cannot be said that these two transactions either "arise out of the same transaction or occurrence" as plaintiffs' claim or "are part of the same case or controversy." See 28 U.S.C. §1367 (a). Therefore, the court's ability to hear these claims is dependent on defendants' ability to aggregate all of their claims.

Plaintiffs rely heavily on *Curtis v. J. E. Caldwell & Co.*, 86 F.R.D. 454, 457 (D.C. Pa. 1980), for the proposition that permissive counterclaims cannot be aggregated, where the court held a defendant may not aggregate permissive counterclaims with the plaintiff's original claim to satisfy the amount in controversy. Defendants counter with the general rule that claims brought

3

by a single plaintiff against a single defendant can be aggregated, regardless of whether the claims were related. *See Suber v. Chrysler Corp.*, 104 F.3d 578, 588 (3d Cir. 1997) ("Aggregation has been permitted ... in cases in which a single plaintiff seeks to aggregate two or more of his own claims against a single defendant." *Id* (quoting *Snyder v. Harris*, 394 U.S. 332, 335, 89 S.Ct. 1053, 1056, 22 L.Ed.2d 319 (1969)). While these principles are accurate, the question is whether *a defendant* can aggregate claims, and more specifically, compulsory and permissive counterclaims, to meet the jurisdictional amount.

In *McKnight v. Halliburton Oil Well Cementing Co.*, 20 F.R.D. 563 (N.D. W.Va.1957), the defendant advanced both a compulsory and a permissive counterclaim, but neither one, standing alone, met the jurisdictional amount. *Id.* at 564. The court considered whether the two could be aggregated to meet the jurisdictional amount. *Id.* It posited for consideration: "In the present case, it would appear that the defendant could aggregate its two separate claims against the plaintiffs in an original action. Is there any valid reason for refusing to allow it to do the same thing by a counterclaim?" Relying on the rule that a plaintiff may aggregate several claims or causes of action to meet the jurisdictional amount, the court held that a defendant may also do so "in a counterclaim where he has several permissive claims." *Id.* (citing Fed. R. Civ. P. 18(a); *Provident Mutual Life Ins. Co. of Philadelphia v. Parsons*, 70 F.2d 863 (4th Cir. 1934) and cases cited therein; *Rainier National Park Co. v. Martin*, 18 F. Supp. 481 (W.D. Wash.1937); *Green v. Fluor Corp.*, 122 F. Supp. 224 (S.D. N.Y. 1954)).

Here, if the Defendants had "won the race to the courthouse," they clearly would have been able to aggregate the three claims. The question is thus whether aggregation should be permitted when the only difference is that the claims are raised as counterclaims. As the court in *Mcknight* opined: "Reason and logic would seem to indicate that, in order to avoid a multiplicity of actions and settle the entire controversy between these parties in one action, the defendant should be

4

permitted to aggregate the [compulsory and permissive] claims here in question to make up the jurisdictional amount." *McKnight*, 20 F.R.D. at 565. This reasoning is well taken. Plaintiffs have failed to point to a valid basis that precludes this approach and the court has not found one.[1] Accordingly, the following order is appropriate.

## ORDER

AND NOW, this 16 day of August, 2006, for the reasons set forth in the memorandum above, IT IS ORDERED that Plaintiffs' Motion for Partial Dismissal of Defendant's Counterclaim be, and the same hereby is, denied.

David Stewart Cercone
United States District Judge

cc:   Robert M. Linn, Esquire
      Barbara A. Scheib, Esquire
      Cohen & Grigsby, P.C.
      11 Stanwix Street, 15th Floor
      Pittsburgh, PA 15222

      William J. Taylor, Esquire
      White and Williams LLP
      1800 One Liberty Place
      Philadelphia, PA 19103-7395

---

[1] Plaintiff's contention that defendants' compulsory counterclaim is but the mere inverse image of their original claim is inaccurate. Plaintiffs seek a declaration that they are not obligated to indemnify defendants for the investigation and payment of COP's claim against the bond. Successfully defending against this claim would not result in a money judgement against plaintiffs for breach of the indemnity agreement; it would only result in a determination that plaintiffs are not entitled to the declaration they seek. Therefore, defendants' compulsory counterclaim is something more than a mere defense to plaintiffs' original claim.

5